# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

JOSE DAVID P. A.,                                    Case No. 26-cv-396 (LMP/JFD)

                        Petitioner,

v.                                                   **ORDER TO SHOW CAUSE**

PAMELA BONDI, *Attorney General*;
KRISTI NOEM, *Secretary, U.S.
Department of Homeland Security*; U.S.
DEPARTMENT OF HOMELAND
SECURITY; TODD M. LYONS, *Acting
Director of Immigration and Customs
Enforcement*; DAVID EASTERWOOD,
*Acting Director, St. Paul Field Office
Immigration and Customs Enforcement*,

                        Respondents.

Petitioner Jose David P. A. is a citizen of Ecuador who entered the United States without inspection in January 2023 and resides in Minneapolis, Minnesota. ECF No. 1 ¶¶ 8–9. He filed an asylum application, is not subject to a final order of removal, and has a valid work permit. *Id.* ¶¶ 9–10.

Jose David P. A. was arrested by immigration officials on January 16, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *Id.* ¶¶ 13, 17. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See id.* ¶ 26. Jose David P. A. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See id.* ¶ 41.

This Court has concluded that noncitizens similarly situated to Jose David P. A. are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and are entitled to a bond hearing under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). Jose David P. A. raises the same legal issues and largely requests the same relief granted in those cases—namely, an order requiring the Government to conduct a bond hearing. *See* ECF No. 1 at 14.

This Court will not depart from its reasoning in *Robert M. F.* and *Victor Hugo D. P.* Accordingly, **IT IS HEREBY ORDERED** that:

1.    The Government is directed to file an answer to Petitioner Jose David P. A.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1 ("Petition")) on or before Thursday, January 22, 2026, certifying the true cause and proper duration of Jose David P. A.'s confinement and showing cause why the writ should not issue in this case;

2.    The Government's answer must include:

    a.    Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Jose David P. A.'s detention in light of the issues raised in his Petition;

    b.    A reasoned memorandum of law and fact explaining the Government's legal position on Jose David P. A.'s claims;

     c.     The Government's recommendation on whether an evidentiary hearing should be conducted; and

     d.     A good-faith argument as to whether—and if so, why—this matter is *materially* distinguishable, either factually or legally, from *Roberto M. F.* and *Victor Hugo D. P.*;

3.     If Jose David P. A. intends to file a reply to the Government's answer, he must do so on or before Tuesday, January 27, 2026;[1]

4.     No further submissions from the parties will be permitted except as authorized by Court order;

5.     The Government is **ENJOINED** from moving Jose David P. A. outside of the District of Minnesota during the pendency of these proceedings, so that Jose David P. A. may consult with his counsel and participate in this litigation while the Court considers his Petition; and

6.     If Jose David P. A. has been removed from the Minnesota, the Government is **ORDERED** to immediately return Jose David P. A. to Minnesota.

Dated: January 17, 2026                 *s/ Laura M. Provinzino*
Time: ____ a.m.                    Laura M. Provinzino
                                     United States District Judge

---

[1]     The Court reserves the right to grant the Petition before Jose David P.A.. files his reply brief if the Government's answer plainly demonstrates that Jose David P.A. is entitled to relief.