UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JOSUE DAVID P. A., | Case No. 26-cv-396 (LMP/JFD) |
| Petitioner, | |
| v. | **ORDER GRANTING HABEAS PETITION** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

---

Kira Aakre Kelley, **Climate Defense Project, Minneapolis, MN**, for Petitioner.

Ana H. Voss, **United States Attorney's Office, Minneapolis, MN**; and Jesus Cruz Rodriguez, **United States Attorney's Office, Lawton, OK**, for Respondents.

Petitioner Josue David P. A. is a native and citizen of Ecuador who entered the United States without inspection in January 2023. ECF No. 1 at 4. He filed an asylum application, is not subject to a final order of removal, and has a valid work permit. *Id.* He has no criminal record and currently attends high school. *Id.* Like many high schoolers, he enjoys exercising, walking his dog at the park, and spending time with family and friends. *Id.*

Josue David P. A. was arrested by immigration officers on January 16, 2026, and remains in the custody of United States Immigration and Customs Enforcement ("ICE").

*Id.* at 4–5. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See id.* at 8. Josue David P. A. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See id.* Josue David P. A. accordingly petitioned for a writ of habeas corpus, alleging that he falls within a class of noncitizens eligible for bond under 8 U.S.C. § 1226(a). *See generally* ECF No. 1. The Court ordered the Government to answer the petition no later than January 22, 2026. ECF No. 4. The Government timely responded, arguing that Josue David P. A. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 7; *see Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (B.I.A. 2025).

As the Government acknowledges, this Court has already ruled that similarly situated petitioners are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are eligible for bond under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). The Government's brief offers no material distinction between this case and those cases. Accordingly, the Court adopts the same reasoning here and concludes that Josue David P. A. is entitled to a bond hearing under Section 1226(a).[1]

---

[1] The Court allowed Josue David P. A. to file a reply brief no later than January 27, 2026. ECF No. 5. But the Government's response plainly demonstrates that Josue David P. A. is entitled to relief. Finding no just cause for delay, the Court enters this Order now.

But that is not all. In what is fast becoming a disturbing trend, the Government has yet again violated (and is continuing to violate) this Court's show-cause order. *See Botir B. v. Bondi*, ECF No. 26-cv-130 (LMP/DJF), ECF No. 8 at 3 (D. Minn. Jan. 15, 2026) (describing Government's violation of this Court's show-cause order); *Joaquin Q. L. v. Bondi*, 26-cv-233 (LMP/DTS), ECF No. 8 at 6–7 (D. Minn. Jan. 21, 2026) (same). This Court entered its show-cause order in this case on Saturday, January 17 at 8:07 a.m. and ordered the Government not to move Josue David P. A. outside of Minnesota during the pendency of these proceedings, and if he had been removed from Minnesota, to immediately return him to Minnesota. ECF No. 5 at 3. Counsel for the Government represents that he was assigned to this case on January 20 at 8:54 a.m. and notified ICE at 8:58 a.m. that Josue David P. A. should not be transferred out of Minnesota. ECF No. 7 at 1. It seems that counsel for the Government first communicated this Court's show-cause order to ICE *three days* after the order was issued. That delay is unacceptable.

Unsurprisingly, ICE responded on January 20 at 9:54 a.m. that Josue David P. A. was already in Texas. ECF No. 7 at 1–2. However, ICE represented to the Government's counsel that it would return Josue David P. A. to Minnesota (as the Court's show-cause order required). *Id.* at 2. However, since January 20, ICE has provided no update to the Government's counsel about efforts to return Josue David P. A. to Minnesota, despite several follow-up attempts by the Government's counsel. *Id.* at 2.

First off, the Government does not explain when Josue David P. A. was transferred from Minnesota to Texas, but if it was anytime after January 17 at 8:07 a.m., the Government would have violated the Court's injunction against transferring Josue David

3

P. A. outside of Minnesota. Additionally, the Government continues to violate the Court's show-cause order by failing to return Josue David P. A. to Minnesota. *See* ECF No. 5 at 3 ("If Josue David P. A. has been removed from the District of Minnesota, the Government is **ORDERED** to immediately return Josue David P. A. to Minnesota.").

To remedy the Government's violation of this Court's show-cause order, the Government is ordered to return Josue David P. A. to Minnesota no later than Tuesday, January 27, 2026. After Josue David P. A. arrives back in Minnesota, he must be provided a bond hearing in accordance with this Order no later than Friday, January 30, 2026. If the Government does not return Josue David P. A. to Minnesota by January 27, the Government should expect the Court to initiate contempt proceedings apace next week.

## ORDER

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Josue David P. A.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

    a. The Government is **ORDERED** to return Josue David P. A. to Minnesota no later than January 27, 2026.

    b. No later than 9:00 a.m. CST on January 28, 2026, the Government is **ORDERED** to submit a declaration confirming that Josue David P. A. has been returned to Minnesota.

    c. The Court **DECLARES** that Josue David P. A. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject

4

to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

d. Once Josue David P. A. returns to Minnesota, the Government is **ORDERED** to provide Josue David P. A. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of his release no later than January 30, 2026.

e. If the Government does not provide Josue David P. A. with a bond redetermination hearing as required by this Order, he must be immediately released from detention.

f. No later than February 2, 2026, the Government is **ORDERED** to provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Josue David P. A.'s release.[2]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 23, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

---

[2] Josue David P. A. sought several other forms of relief in his habeas petition. To the extent that Josue David P. A. seeks immediate release from custody, ECF No. 1 at 13, that request is denied. *See Roberto M. F.*, 2025 WL 3524455, at *5. And the Court need not adjudicate Josue David P. A.'s constitutional and APA claims, ECF No. 1 at 8–12, given that the Court has ruled for him on his statutory claim. *See United States v. Turechek*, 138 F.3d 1226, 1229 (8th Cir. 1998).